Mr. Samuel Goren General Counsel Broward County Expressway Authority 3040 East Commercial Boulevard Fort Lauderdale, Florida 33308
Dear Mr. Goren:
This is in response to your request for an opinion on the following questions:
 1. IS THE BROWARD COUNTY EXPRESSWAY AUTHORITY, AS A STATE AGENCY, REQUIRED TO COMPLY WITH THE REQUIREMENTS OF SECTION 337.271, FLORIDA STATUTES (1983), IN ITS ACQUISITION OF PUBLIC RIGHT-OF-WAY FOR THE ULTIMATE CONSTRUCTION OF THE DEERFIELD/SAWGRASS/PORT EXPRESSWAY SYSTEM IN BROWARD COUNTY?
 2. IF THE BROWARD COUNTY EXPRESSWAY AUTHORITY IS REQUIRED TO COMPLY WITH SECTION 337.271, FLORIDA STATUTES (1983), WHAT LEGAL EFFECT RESULTS FROM THE PREEMPTION LANGUAGE CONTAINED IN SECTION 348.973(3), FLORIDA STATUTES (1983)?
QUESTION ONE
The Broward County Expressway Authority was created by Ch. 83-289, Laws of Florida. The Authority was created and granted the right to acquire, hold, construct, improve, maintain, operate, own, and lease the Broward County Expressway System. See, s 1 of Ch. 83-289, pertinent part to be codified as s 348.973(1)(a), F.S. 1983. The Authority is authorized by that section, inter alia, "to construct and shall construct roadways commonly known as the noninterstate funded portions of the I-595/Port Everglades Expressway, the Deerfield Expressway and the Sawgrass Expressway. Construction of the system may be completed in segments, phases or stages, in a manner which will permit the expansion of these segments, phases or stages to the desired expressway configuration." Section 348.973(1)(b), F.S. 1983. Section348.973(2)(c) grants the Authority the power to acquire and use any property, real, personal or mixed, necessary or desirable for carrying out the purposes of the Authority. Among the powers granted the Authority in order to carry out these purposes, subsection (2)(j) of s 348.973, F.S. 1983, grants the Authority "the power of eminent domain, including the procedural powers granted under chapters 73 and 74 [F.S.]."
You question whether the provisions of newly enacted s 337.271, F.S. 1983, created by Ch. 83-113, Laws of Florida, would apply to the Broward County Expressway Authority in exercising its power of eminent domain to acquire public rights-of-way in fulfilling its statutorily prescribed purposes. Chapter 83-113, Laws of Florida, created a new section s 337.271, F.S. 1983. The requirements of this new statute must be read with the provisions of existing s337.27, F.S., which makes clear that the provisions of this new s 337.271, F.S. 1983, apply only to condemnation procedures for the Division of Administration of the Department of Transportation. Subsection (1) of newly created s 337.271 provides: "Prior to instituting an eminent domain action, the Department of Transportation shall negotiate in good faith with the property owner and shall attempt to arrive at an agreed amount of compensation to be paid for the parcel to be acquired." (e.s.) There follows in this statute procedural and substantive rights granted to subject property owners. The title to Ch. 83-113, Laws of Florida, indicates that it is "providing a precondemnation negotiation procedure for the Department of Transportation." Nowhere in the newly created "precondemnation negotiation" statute is mention made of the Broward County Expressway Authority, nor is the statute in any way made applicable to any other condemnation authority other than the Department of Transportation.
The terms of s 337.271, F.S. 1983, created by Ch. 83-113, Laws of Florida, are clear and no resort to rules of statutory construction is necessary. The statute is applicable only to the Department of Transportation for that department's condemnation proceedings and is not applicable to other governmental entities possessing the power of eminent domain.
QUESTION TWO
Since the answer to Question One was in the negative, it is unnecessary to answer Question Two.
In conclusion, it is therefore my opinion, until legislatively or judicially determined to the contrary, that s 337.271, F.S. 1983, providing a precondemnation negotiation procedure for the State Department of Transportation, is not applicable to the Broward County Expressway Authority.
Sincerely,
Jim Smith Attorney General
Prepared by: Craig Willis Assistant Attorney General